IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Nancy Powers,

Plaintiff,

vs.

Joseph Belluck, Taa Grays, Fernando Camacho, Stefano Cambareri, Brian Doyle, John Falk, Robin Golston, Nina Moore, Peter Moulton, Marvin Raskin, Brian Gotlieb,

Defendants.

C/A No. 6:26-cv-03509-JDA-KFM

**REPORT OF MAGISTRATE JUDGE**

This is a civil action filed by the plaintiff proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

**ALLEGATIONS**

The plaintiff's complaint is comprised of two sentences, alleging that the defendants "connected with certain high-ranking, aiming to replace the chief. An intervention is in need" (doc. 1).

**STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by

attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the plaintiff filed this action seeking damages from the defendants. However, the plaintiff's complaint is subject to summary dismissal because it lacks any detail or basis and is patently frivolous. It is well-settled that the court has the authority to dismiss claims "whose factual contentions are clearly baseless" *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (citation omitted). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept all well-pleaded allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, even when reviewed in a light most favorable to the plaintiff, the complaint is comprised of frivolous factual allegations which fail to state a claim for relief. *See Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). Indeed, the plaintiff (who provided a return address of Little Rock, Arkansas from which mail has been returned undeliverable in several other cases) filed the exact same complaint in 15 other courts across the country at the same time, with several courts already dismissing the same allegations as frivolous and malicious and warning the plaintiff regarding the entry of sanctions. *See Powers v. Belluck, et al.*, C/A No. 4:26-cv-

00056-DC, at doc. 3 (W.D. Tex. Sept. 22, 2026) (dismissing civil action for failure to state a claim); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-00125-JHM, at doc. 7 (W.D. Ky. Sept. 17, 2026) (dismissing civil action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-00612-LM-AJ, at doc. 3 (D.N.H. Sept. 11, 2026) (dismissing civil action as frivolous and for lack of jurisdiction); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-02177-JMB-RSK, at doc. 6 (W.D. Mich. Sept. 3, 2026) (dismissing civil action for failure to keep her address updated with the court); *Powers v. Belluck, et al.*, C/A No. 8:26-cv-02922-PX, at doc. 6 (D. Md. Sept. 1, 2026) (dismissing civil action for failure to comply with an order of the court); *Powers v. Belluck, et al.*, C/A No. 3:26-cv-00609-MEO-DCK, at doc. 3 (W.D.N.C. Aug. 6, 2026) (dismissing civil action as frivolous and lack of jurisdiction); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-00348-HAB-ALT, at doc. 3 (N.D. Ind. Aug. 5, 2026) (dismissing civil action as frivolous and malicious and noting that the repetitive filings in courts around the country of the same complaint were meant to harass); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-00743-WO-JEP (M.D.N.C. Aug. 4, 2026) (dismissing civil action as frivolous and for failure to state a claim for relief); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-00507-MRD-AEM (D. R.I. July 28, 2026) (dismissed for lack of subject matter jurisdiction); *Powers v. Belluck, et al.*, C/A No. 3:26-cv-00212-JDM-JMV, at doc. 4 (N.D. Miss. July 27, 2026) (dismissing civil action for lack of jurisdiction and as frivolous); *see also Powers v. Belluck, et al.*, C/A No. 2:26-cv-00163-DCLC-CRW (E.D. Tenn.) (pending); *Powers v. Belluck, et al.*, C/A No. 3:26-cv-01068 (M.D. Tenn.) (pending); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-00316-MJT-CLS (E.D. Tex.) (pending); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-01327-JEH-RLH (C.D. Ill.) (pending); *Powers v. Belluck, et al.*, C/A No. 1:26-cv-13428-JEK (D. Mass.) (pending).

Accordingly, the plaintiff's complaint contains allegations that are procedurally groundless and baseless. As such, this matter is subject to summary dismissal as frivolous. Based on the plaintiff's proclivity for filing frivolous actions (as shown by the 15 actions filed

along with this one), it is also recommended that the plaintiff be sanctioned $405.00 payable to this court before she can proceed with any additional civil actions because her frivolous and malicious filings have wasted judicial resources. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004).

**RECOMMENDATION**

As noted above, the instant matter is subject to dismissal as frivolous and an abuse of the judicial process. Therefore, the undersigned recommends that the district judge dismiss this action with prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). It is further recommended that based on the plaintiff's frivolous and malicious filings that she be sanctioned $405.00 for bringing this action.[1] **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED.**

s/Kevin F. McDonald
United States Magistrate Judge

September 29, 2026
Greenville, South Carolina

[1] If this recommendation is adopted, it is recommended no future filings be accepted from the plaintiff for filing unless she includes proof that the sanctions have been satisfied with the initial documents submitted to the Court for filing.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).